IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**STEVEN WAYNE PIERCE**                                                                     **PLAINTIFF**

**v.**                                                                      **No. 3:20CV219-DAS**

**STATE MISSISSIPPI, ET AL.**                                            **DEFENDANTS**

**ORDER FOR THE PLAINTIFF TO *SHOW CAUSE***
**WHY THIS CASE SHOULD NOT BE DISMISSED**
**AS UNTIMELY FILED**

This matter comes before the court on the plaintiff's complaint filed under 42 U.S.C. § 1983. It appears that the claims in the complaint are barred by the applicable statute of limitations. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted).

The events described in the complaint occurred in 2005 and 2006. Thus, the statute of limitations regarding claims arising out of those events expired three years later – in 2009. The instant complaint was filed on July 13, 2020, some 11 years after the limitations period expired. Thus it appears that the instant complaint is untimely filed. To satisfy the requirement of due process, however, the court will provide the plaintiff with the opportunity to argue why he believes that his complaint is nonetheless timely.

As such, the plaintiff is **ORDERED** to **SHOW CAUSE** why the instant case should not be dismissed as untimely filed. The deadline for responding is 21 days from the date of this order.

**SO ORDERED**, this, the 29th day of September, 2020.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE