IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**STEVEN WAYNE PIERCE**                                                  **PLAINTIFF**

**v.**                                    **No. 3:20CV219-DAS**

**STATE OF MISSISSIPPI, ET AL.**                                       **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Steven Wayne Pierce, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

The plaintiff alleges that, in 2005 and 2006, Panola County Sheriff's Department Deputies unlawfully imprisoned him and later arrested him on the charge of sexual battery. He also alleges that the Panola County Circuit Court convicted him of sexual battery in the absence of subject matter jurisdiction.

This court issued a show-cause order, requiring the plaintiff to explain why the case should not be dismissed as barred by the applicable statute of limitations. The plaintiff has responded to the order, and the matter is ripe for resolution. For the reasons set forth below, the instant case will be dismissed as untimely filed.

### Discussion

A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993).

In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted).

The events the plaintiff describes occurred in 2005 and 2006 and involved his arrest and prosecution for sexual battery. The plaintiff was obviously aware of these events at the time they occurred; as such, the statute began to run at that time. Thus, the limitations period regarding claims arising out of those events expired three years later – in 2009. The instant complaint was filed on July 13, 2020, some 11 years after the limitations period expired. Thus, this case must be dismissed as untimely filed.

## Conclusion

For the reasons set forth above, the instant case must be dismissed as untimely filed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of June, 2021.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE